## Abbott *versus* Kasson.

1 Myers owning land, subject to a mortgage to Chase, conveyed to Abbott, who conveyed to Kasson for a gross sum and took from him a mortgage for the whole purchase-money; Kasson paid Chase the amount of his mortgage and took an assignment to Dudley, who assigned to Kasson's wife. The land was sold by the sheriff to Abbott. In a scire facias by Mrs. Kasson on the first mortgage against Abbott as terre-tenant, *Held,* that evidence was irrelevant, that when Kasson paid the mortgage to Chase it was agreed between them that its amount should be applied on Kasson's purchase-money mortgage, Abbott being bound to discharge the Chase mortgage as a prior encumbrance.

2. The rule that payment by a mortgagor is an extinguishment, does not obtain where the payment is of an encumbrance existing before the conveyance to him.

October 22d 1872. Before Thompson, C. J., Read, Agnew and Sharswood, JJ.

Error to the Court of Common Pleas of *Crawford county :* No. 88, to October and November Term 1871.

This was a scire facias sur mortgage issued March 4th 1869, by Caroline S. Kasson, late Sterling, and W. M. Kasson her husband in her right, against L. W. Myers, mortgagor, W. H. Abbott and W. M. Kasson terre-tenants. The writ was served on Myers and Abbott, but returned "Nihil" as to Kasson.

The plaintiffs gave in evidence mortgage dated August 19th 1863, from L. W. Myers to E. H. Chase and Susan A. his wife

for $1335, payable in instalments, the last instalment $975 being due August 19th 1867; assignment 26th of January 1866 to James G. Dudley; assignment September 7th 1866, to Caroline L. Sterling for the consideration of one dollar. Deed March 23d 1865, L. W. Myers to W. H. Abbott for the land described in the mortgage, the consideration being $10,000. Plaintiffs gave evidence also that Abbott sold the land to W. M. Kasson and took from him a mortgage without bond for the purchase-money: also deed April 12th 1869, from F. C. Peck, sheriff, to W. H. Abbott for the same land, the consideration being $100. The title of the premises on which Myers had given the mortgage had been in Mrs. Chase, who conveyed to Myers. Caroline L. Sterling was married to W. M. Kasson.

Defendant gave evidence by E. H. Chase, that there had been payments on the mortgage given by Myers which reduced it to $1110 before its assignment to Dudley. Abbott, terre-tenant, then offered to prove by Chase, "that before 26th January 1866 (date of assignment of Chase to Dudley), and while witness and his wife owned the mortgage not then due, Kasson having bought the land charged by it, and Abbott holding his mortgage against it for $9000, came to the witness to have the first mortgage removed. That the witness for himself and wife entered into an agreement with them to receive and pay for the same, and that if Kasson paid it, or procured it to be paid, the amount should apply as a credit on the mortgage from Kasson to Abbott; that on the 24th of January, 1866, Kasson went to the witness and said he wanted to pay the mortgage in pursuance of their former arrangement, and that under that representation he did pay $1110 in full satisfaction and for that purpose, and that the person who did this was not Jas. G. Dudley, but was A. N. Hungerford, a joint owner with Kasson of the land; and further to follow the same by evidence that the plaintiff paid no value for the mortgage."

This was objected to by plaintiff, the objection sustained by the court, and a bill of exceptions sealed.

Abbott offered to prove, "that A. N. Hungerford was interested in the mortgaged premises, as owner before and at the time of the assignment of the mortgage to Dudley, and that he paid the mortgage for himself and Kasson, and procured the assignment to Dudley for the purpose of defrauding Abbott, a subsequent mortgagee, out of the amount of said mortgage."

This was objected to by plaintiff, and the objection sustained and a bill of exceptions sealed.

The verdict was for the plaintiff for $1368.29.

Abbott the terre-tenant took a writ of error, and assigned for error the rejection of his offers of evidence.

*D. C. McCoy* and *F. B. Guthrie,* for plaintiff in error.

[Abbott v. Kasson.]

P. *Church*, for defendants in error.

The opinion of the court was delivered, November 4th 1872, by THOMPSON, C. J.—Had the proposed testimony been admitted, it is evident that the instructions upon it, which the court would have been bound to give, would have left it without effect in the disposition of the case ; it was therefore not error to reject it.

Looking at the case in the light of the testimony, and of the offer, which we must, so far as the case is now concerned, regard as true ; it appears that Abbott, the plaintiff in error, was bound to satisfy the Chase mortgage, for he sold and made a deed for the property to Kasson for a gross sum, and took a mortgage without bond for the entire purchase-money. He would be bound by the covenants in the deed to clear off the prior encumbrance, which was the Chase mortgage. At all events the security of his own mortgage would require this. If Kasson, or Kasson and Hungerford, paid off the mortgage, both being interested in the purchase from Abbott, it does not admit of any doubt that they could have set it off against the Kasson mortgage to Abbott. This would be their right by law, and is just what and no more, the contract between Abbott and Kasson amounted to. The agreement was no concession of anything to Kasson. Had the set-off been made and Kasson had had a credit on his mortgage for the amount, a different question would have arisen. But this was not done. Now the proposed testimony was to show that Kasson and Hungerford, or both, paid the amount due on the Chase mortgage, and procured an assignment of it to be made to Dudley, in violation of the agreement or understanding that if they paid it, it should extinguish *pro tanto* the Kasson mortgage. But as already said, the agreement was only what the law without an agreement permitted, and without there was some consideration for the agreement it was simply *nudum pactum* and not obligatory. No consideration appears for the agreement and none was offered to be proved. There was therefore nothing wrong on part of Kasson and Hungerford on paying to Chase and wife the amount of their mortgage against Abbott, to have it assigned, and then keep it on foot for their own safety and security. No doubt the law is, as stated in Gilkeson v. Snyder, 8 W. & S. 200, and other cases, that payment by a mortgagor is to be regarded as extinguishment. It would be a novelty for a purchaser of land to keep on foot his own mortgage against his own estate. But no such rule exists where the payment is of an encumbrance existing anterior to the purchase. There, as a general thing, a mortgage may be kept on foot as a security to the party paying. That was the case in hand, and we do not see how Abbott is injured, legally speaking. He took the land or ground he sold to Kasson, as security for his purchase-money. He was bound to pay off the prior mortgage. It was

⌊Abbott *v.* Kasson.]

no part of Kasson's purchase-money. If he was so bound in order to save his property, wherein is he injured by being obliged to pay it, having become the owner of the property on which it was a lien ? If the property had been ample security for the mortgage of $9000, Abbott could not have complained at being obliged to discharge the prior mortgage. That it was not, was his mistake or misfortune, but does not change the law which makes the property liable in his hands for that prior mortgage.

In this view of the case we need not inquire whether Dudley paid anything for the assignment, or Miss Sterling, now Mrs. Kasson, paid anything; that concerns only Kasson and Hungerford.

There is nothing else in the case requiring notice, and as we see no error in the record the judgment is affirmed.